IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHONY BUCHANAN, | ) | Civil Action |
| | ) | No. |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| PRECISION CASTPARTS CORP. d/b/a | ) | |
| PCC AIRFOILS, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Anthony Buchanan ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against Defendant Precision Castparts Corp. d/b/a PCC Airfoils, LLC., ("PCC Airfoils" or "Defendant") pursuant to the Family Medical Leave Act ("FMLA") and shows the Court as follows:

### **JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant Precision Castparts Corp. is a foreign business qualified and licensed to do business in Georgia as PCC Airfoils, Inc., and at all times material hereto has conducted business within this District. Defendant is subject to personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant PCC Airfoils, Inc. may be served with process by delivering a copy of the summons and complaint to its registered agent, National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Georgia, 30046-4805.

## FACTUAL ALLEGATIONS

6.

Defendant is now, and at all times relevant hereto, has been an employer subject to the FMLA.

7.

Plaintiff started working for PCC Airfoils April 13, 2015 as a temporary employee through Staffmate Temporary Services. Plaintiff alternated between temporary and permanent employment with PCC Airfoils until May 27, 2019. Plaintiff became a PCC Airfoils permanent employee on May 29, 2019.

8.

On or about June 12, 2019, Plaintiff sprained his right ankle on his way to work. Under the direction of his Safety Manager, Kecia Whitehead, and the approval of the Post-Cast Manager, John Castro, Plaintiff was sent home early.

9.

Due to Plaintiff's inability to wear a steel toe safety shoe, Defendant told Plaintiff that he should not return to work as there was no light duty assignment available. Plaintiff's efforts to return to work were precluded by Defendant's inability to offer alternative work that did not require Plaintiff to wear a safety shoe.

10.

Defendant did not advise Plaintiff of his eligibility for FMLA for his sprained ankle injury.

11.

On or about June 25, 2019, Deland Bailey, granted Plaintiff accommodation for late arrival due to continued pain and swelling associated with his sprained ankle. Plaintiff's injury did not fully heal because he walked approximately 6 miles to work daily. Plaintiff requested accommodation for his late arrivals and absences for his sprained ankle because his injury caused him pain and hindered his movements. However, based on Defendant's internal attendance points system, Plaintiff's absences and tardiness resulted in attendance violation points against him.

12.

On August 1, 2019 to August 2, 2019 and August 21, 2019 to August 22, 2019, Plaintiff was absent due to the onset of pneumonia. Plaintiff visited the emergency room and reported absences to Defendant.

13.

Plaintiff was hospitalized from October 6, 2019 to October 13, 2019 for pneumonia complications. Defendant approved FMLA for Plaintiff's pneumonia hospitalization. However, absences associated with Plaintiff's pneumonia prior to

his October 6, 2020 hospitalization resulted in attendance violation points against him.

14.

Plaintiff continued to experience issues with his sprained ankle and pneumonia, and he reported all absences and tardiness as medical issues to Defendant. Plaintiff's absences and tardiness due to his medical issues were beyond his control.

15.

Defendant terminated Plaintiff on November 22, 2019 for violation of the company's attendance policy based on Defendant's internal attendance points system.

16.

If Defendant had notified Plaintiff of his FMLA rights and if Plaintiff's underlying attendance infractions that occurred between June 2019 and October 2019 were properly treated as FMLA covered absences, Plaintiff would not have incurred sufficient points to warrant termination of his employment.

17.

Any reason given for Plaintiff's termination is pretext for unlawful interference and retaliation under the FMLA.

18.

Any reason given for Plaintiff's termination is pretext for unlawful interference and retaliation under the FMLA.

19.

Defendant was on notice that Plaintiff's absences were necessitated by qualifying conditions under the FMLA.

20.

Defendant terminated Plaintiff because of his need for FMLA and protected leave and/or due to FMLA protected work absences.

21.

In terminating Plaintiff, Defendant interfered with Plaintiff's exercise of FMLA rights and/or retaliated against Plaintiff for his exercise of FMLA rights.

22.

Defendant terminated Plaintiff in retaliation for his exercise of rights protected by the FMLA. In so doing, Defendant violated the FMLA.

23.

Plaintiff worked more than 1250 hours during the 12-month period immediately preceding his FMLA protected absences, requested leave, and

termination. Plaintiff was employed by Defendant for more than 12 months preceding his FMLA protected absences, request for leave and termination.

24.

Defendant is a private sector employer, with 50 or more employees in 20 or more workweeks in the 2018 and 2019 calendar years, within 75 miles of the location where Plaintiff worked for Defendant.

## **CLAIMS FOR RELIEF**

## **VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT**

## **COUNTS I & II**

## **(FMLA INTERFERENCE AND RETALIATION)**

25.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

26.

Defendant is and, at all times relevant, has been an 'employer' as defined by the FMLA.

27.

Plaintiff was an eligible employee under the FMLA.

28.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling him to all appropriate relief under the statute.

29.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

30.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

31.

Defendant terminated Plaintiff because of his need for intermittent FMLA leave and/or due FMLA protected work absences. Any reason given for Plaintiff's termination is pretext for unlawful FMLA interference and/or retaliation.

32.

Defendant terminated Plaintiff in retaliation for his exercise of rights protected by the FMLA. In so doing, Defendant violated the FMLA.

33.

As a result of his termination, Plaintiff has suffered lost wages and other damages for which he is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(b) Reasonable attorney's fees and expenses of litigation;

(c) Trial by jury as to all issues;

(d) Prejudgment interest at the rate allowed by law;

(e) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(f) All equitable relief available under the FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(g) All other relief to which he may be entitled.

This 5th day of October 2020.

**BARRETT & FARAHANY**

/s/Nikeisha A. Bradley
Nikeisha A. Bradley
Georgia Bar No. 468749
*Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
470-284-7265 direct
440-214-0120 main
440-214-0125 facsimile
Nikki@justiceatwork.com